[Civ. No. 9510. Third Dist. May 5, 1961.]

MARGARET B. DABAGH, as Executrix, etc., Respondent, v. STATE EMPLOYEES' RETIREMENT SYSTEM OF THE STATE OF CALIFORNIA et al., Appellants.

Edmund G. Brown and Stanley Mosk, Attorneys General, and William J. Power, Deputy Attorney General, for Appellants.

Benjamin D. Frantz for Respondent.

SCHOTTKY, J.—The State Employees' Retirement System of the State of California has appealed from a judgment in a declaratory relief action in favor of Thomas S. Dabagh by which it was determined that he was entitled to have his retirement allowance computed on the entire salary earned by him while an employee of the Los Angeles County Law Library without the payment of contributions on salary in excess of $416.66 per month. The judgment also directed the retirement system to return the contributions paid under protest to the retirement system for such excess salary.

Margaret B. Dabagh, executrix of the last will of Thomas S. Dabagh, has been substituted in place of her deceased husband.

From 1939 to July 1, 1949, Thomas S. Dabagh was employed by the law library at a salary in excess of $416.66 per month. The law library was and is a contract member of the state retirement system.

Prior to October 1947, only the first $416.66 salary was considered for retirement benefits and only contributions based on this amount were required. By chapter 732 of the Statutes of 1947, effective September 19, 1947, section 20025 of the Government Code was amended and the salary ceiling was removed as to state employees who were given the opportunity to make contributions on the excess salary earned prior to October 1, 1947. By the same statute a local agency could amend its contract with the retirement system to provide for benefits on the entire salary earned by its employees. Again the employees were given the right to make contributions based on the excess salary. In June 1949, the law library amended its contract and removed the salary ceiling. The amount of back contributions due from Dabagh, which he paid under protest, was $918.69.

On July 1, 1949, Dabagh left his job with the Los Angeles County Law Library and accepted employment with the University of California. He became a member of the state retirement system as a university member.

Effective October 1, 1949 (Stats. 1949, ch. 747), the state

enacted a statute which provided in part that any contributions made prior to the effective date of the act by any state member of the State Employees' Retirement System pursuant to section 20025 of the Government Code, as the section existed prior to the effective date of the act, be either refunded to the employee or credited to his account as additional contributions. This statute also withdrew the requirement of excess contributions as to state members. The statute did not purport to give similar relief to employees of contracting agencies.

Dabagh brought this action to determine whether he was entitled to have his entire period of public employment counted in determining his retirement benefits without the payment of additional contributions on that portion of his salary received from the law library in excess of $416.66. The law library was brought in as an additional defendant. No judgment was rendered against the library.

We have concluded that in order for Dabagh to receive benefits on his entire earnings while employed by the law library it was necessary to make contributions based on the salary earned in excess of $416.66, and that the added contributions made by Dabagh could not be returned to him.

Employees of public agencies such as the Los Angeles County Law Library become members of the state retirement system only if the agency has or does enter into a contract with the state retirement system. (Gov. Code, § 20450.) The public agency which enters into a contract is required to make such contributions for its employees as is recommended by the actuary and approved by the board of the state retirement system. (Gov. Code, § 20525.)

A contract between a public agency and the state retirement system may be terminated (see Gov. Code, §§ 20560-20562), and the amount that an employee of a contracting agency which has terminated its contract may receive as retirement benefit is under certain circumstances subject to reduction. (Gov. Code, § 20564.) Section 21262 of the Government Code provides that "A member who retires with credit for either current service or prior service, or both, rendered in different member categories, . . ., shall have current and prior service pensions calculated for each such category and schedule of benefit provisions, regardless of whether he qualifies for retirement under other than his current status at the date of his retirement, and his aggregate current and

prior service pensions shall be the sum of the various current and prior service pensions, respectively.''

Section 20024.1 of the Government Code provides: ''For a local member who is an employee of a contracting agency which, by the provisions of its contract with the board, is subject to the provisions of Section 20025 of this code, and for no other member, 'final compensation,' shall be subject to the provisions of Section 20025, under which a member, who is afforded an election thereunder, but does not make the election, may have more than one final compensation.''

These sections show that while there is only one state retirement system there are actually a number of individual retirement plans within the system. Each is separate and distinct. Each local agency signs a contract with the system, and this contract determines the benefit the employees of the agency will receive and the contribution required of the contracting agency and its employees in order to provide the benefits. This being so, an act of the state Legislature can not affect the contract of a local agency unless the local agency agrees to the change. Dabagh's employment by the law library and the retirement benefits due him for such employment are distinct from any benefits to which he would be entitled for services rendered as an employee of the University of California.

The 1949 amendment to section 20025 permitted a local member of a contracting agency, which amended its contract with the board, to have his entire salary considered in determining his retirement compensation if he paid in to the retirement system the amount he would have contributed as a part of his normal contributions as an employee. This was merely a restatement of the 1947 revision of the section insofar as it related to local members. That portion of the amendment which refunded any excess contributions made by state members would not avail a state member for contributions relating to his membership as a local member because, as we have seen, each category is separate and distinct, and any change relating to one category would not normally affect any other. This could only be accomplished by an amendment of the contract.

No other points require discussion.

The judgment is reversed.

Van Dyke, P. J., and Peek, J., concurred.